# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED AHMED KASSEM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRACY RENAUD, et al., <br><br> Defendants. | Case No. 1:21-cv-00946-DAD-SAB <br><br> ORDER RE STIPULATION FOR NUNC PRO TUNC EXTENSION OF TIME FOR DEFENDANT'S RESPONSE TO COMPLAINT <br><br> (ECF Nos. 17, 19) <br><br> **THREE DAY DEADLINE** |

Plaintiffs initiated this action on June 16, 2021. (ECF No. 1.) The executed summonses indicate Defendants were served on June 28 and 29, 2021. (ECF Nos. 8, 9.) Since that time, the parties have filed four stipulated requests to extend the deadline for Defendants' response to the complaint, which this Court has granted. (See ECF Nos. 10, 11, 12, 13, 14, 15, 16, 17.)

On March 13, 2022, the parties filed their fifth stipulated request to extend the time for Defendants to file a responsive pleading. (ECF No. 19.) The parties seek to extend the deadline from March 11, 2022, to June 9, 2022, and request that all other filing deadlines be similarly extended and that the scheduling conference currently set for March 31, 2022 be continued. This stipulated request is not well-taken.

On December 9, 2021, in granting the parties' fourth stipulated request, the Court admonished the parties that "requests to modify the briefing schedule that are made on the eve of a deadline or thereafter will be looked upon with disfavor and may be denied absent a showing

of good cause for the delay in seeking an extension." (ECF No. 17.)  Here, not only have the parties failed to identify any good cause for the instant requested extension, but they also fail to explain their failure to timely submit the requested stipulation.  Indeed, the parties do not even acknowledge their late filing.

The parties are reminded that any failures to comply with the scheduling order may result in sanctions pursuant to Local Rule 110.  The parties are advised that, due to the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted but will only be granted upon a showing of good cause.  Furthermore, requests to modify the briefing schedule that are made on the eve of a deadline or thereafter will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension.  If such a request is made after a deadline, the party seeking the nunc pro tunc extension must show additional good cause as to why the matter was filed late.

Because the parties' stipulation does not address the untimeliness of their filing or identify good cause exists for the extension, the Court finds the scheduling order has not been complied with and the Court shall now require an explanation as to why the parties did not seek an extension of Defendant's filing deadline prior to the deadline as well as a showing of good cause for the extension.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall submit an explanation as to why their recent stipulation did not show good cause exists to grant a nunc pro tunc extension of time regarding Defendant's deadline to file a response to the complaint **within three days** of entry of this order;

2. Failure to establish good cause exists for the nunc pro tunc extension may result in sanctions pursuant to Local Rule 110, including but not limited to rejecting the untimely filing, construing Defendant's lack of response to the complaint as a default, and entering Defendant's default;

3. If Defendant establishes good cause exists to grant the nunc pro tunc extension,

the stipulated request to extend the deadline to respond to the complaint (ECF No. 19) will be granted, Defendant's new responsive pleading deadline will be set for June 9, 2022, all remaining deadlines will be amended accordingly, and the scheduling conference will be continued.

IT IS SO ORDERED.

Dated: __**March 14, 2022**__

UNITED STATES MAGISTRATE JUDGE